UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** JS-6

Case No. 8:24-cv-02058-FWS-ADS Date: December 5, 2024
Title: Julio Cruz v. R&S Liquor, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Melissa H. Kunig — Deputy Clerk
N/A — Court Reporter

Attorneys Present for Plaintiff: Not Present

Attorneys Present for Defendants: Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [14]**

On September 23, 2024, Plaintiff Julio Cruz ("Plaintiff") filed a Complaint asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*, California Health and Safety Code § 19955 *et seq.*, and for negligence against Defendant R&S Liquor, Inc. and Defendant GWHB, LLC (collectively, "Defendants"). (Dkt. 1.)

On December 28, 2024, Plaintiff filed a proof of service indicating Plaintiff served Defendant R&S Liquor, Inc. using a registered process server on October 10, 2024. (Dkt. 13.) Defendant R&S Liquor, Inc's responsive pleading was due on October 31, 2024. *See* Fed. R. Civ. P. 12(a)(1). Defendant R&S Liquor, Inc. did not file an answer and has not otherwise appeared in this suit. (*See generally* Dkt.)

On November 7, 2024, the court ordered Plaintiff to show cause in writing by November 13, 2024, why this action should not be dismissed for failure to prosecute because the time for Defendant R&S Liquor, Inc. to answer had passed and Plaintiff had not taken any action. (Dkt. 14 at 1.) The court specified that Plaintiff could discharge the November 7, 2024, Order to

Show Cause by filing a written response, requesting an entry of default, stipulating to extend the time for Defendant R&S Liquor, Inc. to answer, or voluntarily dismissing his claims against Defendant R&S Liquor, Inc. (*Id.*) The court also noted that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further notice or order from the court," and cited authority regarding district courts' power to dismiss actions for lack of prosecution or failure to follow court orders. (*Id.* at 1-2.) Although the court's deadline to file a response to the November 7, 2024, Order to Show Cause passed over three weeks ago, Plaintiff has yet to file a response. (*See generally* Dkt.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992); *see also Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (footnote omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution."). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the court finds these factors weigh in favor of dismissal due to Plaintiff's failure to prosecute this case and comply with the court's November 7, 2024, Order to Show Cause. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *see also Ash*, 739 F.2d at 494 ("District judges are best situated to decide when delay in a particular case interferes with docket management and public interest.").

The second factor also favors dismissal because "it is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. When a plaintiff fails to follow or respond to a court order, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the court." *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order "inherently delays resolution of the case and works to the detriment of the public").

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiff offers no reason for failing to prosecute this action or respond to the court's November 7, 2024, Order to Show Cause. (*See generally* Dkt.) This factor therefore favors dismissal. *See Yourish*, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (stating "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure" because [t]he law presumes injury from unreasonable delay") (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

With respect to the fourth factor, although the public policy favoring disposition on the merits generally weighs against dismissal, "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). The court thus concludes that Plaintiff's failure to timely prosecute this case, including his failure to respond to the November 7, 2024, Order to Show Cause by the court's deadline, lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. This factor is neutral and does not preclude dismissal.

As to the fifth factor, the court has considered less drastic alternatives. The court gave Plaintiff ample time to file a response to the court's November 7, 2024, Order to Show Cause. *See Yourish*, 191 F.3d at 992 (holding that consideration of less drastic alternatives prior to disobedience of the court order were not sanctions "in response to [p]laintiffs' failure to obey a court order" given the plaintiffs "had not yet disobeyed the court's order"). The court also informed Plaintiff that failure to respond by the court's deadline may result in dismissal of his claims. (Dkt. 14); *see also Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The [c]ourt's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). Further, the court has adopted a "less-drastic" sanction by dismissing without prejudice. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (stating district courts should consider less drastic alternatives before dismissing with prejudice); *Neal v. Reslan*, 2020 WL 754366, at *2 (C.D. Cal. Jan. 16, 2020) (finding this factor weighed in favor of dismissal where the court dismissed without, rather than with, prejudice). Accordingly, this factor also weighs in favor of dismissal.

In sum, the first, second, third, and fifth factors weigh in favor of dismissal. On balance, the court concludes dismissal without prejudice is appropriate given Plaintiff's failure to prosecute and comply with court orders. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (stating dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal") (citation omitted); *cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** JS-6

Case No. 8:24-cv-02058-FWS-ADS Date: December 5, 2024
Title: Julio Cruz v. R&S Liquor, Inc. *et al.*

other three factors that strongly support dismissal here.”). Therefore, Plaintiff’s Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**